Ballard *v.* Camplin.

---

## BALLARD *v.* CAMPLIN ET AL.

[No. 20,120.   Filed May 26, 1903.]

WILLS.— *Death of Legatee.— Lapse of Bequest.— Contracts.— Bills and Notes.—Statute of Frauds.*—Testator, intending to devise certain land to his daughter-in-law, by agreement of all the parties devised the same to a son-in-law on condition that the latter execute to the daughter-in-law his three certain promissory notes for $2,200, due in one, two, and three years after the death of testator. The notes and will were executed in accordance with the agreement. The son-in-law died before the testator, and at the death of testator, the wife took possession of the real estate devised to her husband, and paid the first two notes. *Held*, in an action on the remaining note, that the bequest, under the circumstances, did not lapse by reason of the death of the legatee before the testator, and that plaintiff was entitled to a vendor's lien on the land devised for the payment of the note. *Held*, also, that the statute of frauds, clause 4, §6629 Burns 1901, requiring contracts for the sale of lands to be in writing is not applicable.

From Henry Circuit Court; *W. O. Barnard*, Judge.

Action by Peyton E. Ballard against Susan A. Camplin and others. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under clause 2 of §1337j Burns 1901. *Reversed.*

Ballard v. Camplin.

*D. W. Chambers, E. G. Ballard* and *M. E. Forkner,* for appellant.

*L. P. Newby* and *Adolph Rogers,* for appellees.

JORDAN, J.—On December 28, 1899, appellant commenced this action to enforce or foreclose a lien against certain described real estate situated in Henry county, Indiana, in satisfaction of a certain promissory note held by him. The complaint is composed of three paragraphs, to which separate demurrers of the defendants were sustained by the lower court, and judgment was rendered against appellant upon these demurrers.

The errors assigned relate to the sustaining of the several demurrers to each paragraph of the complaint. The sole question presented is: Is either paragraph of the complaint sufficient to require the defendants, or any of them, to answer?

The second and third paragraphs of complaint fully set out the facts upon which appellant bases his right of action. Each of these paragraphs of the complaint discloses that on the 28th day of October, 1889, one John Cook was the owner in fee simple, among others, of a tract of thirty-eight acres of land, described, and on said day he was desirous of executing his last will and testament, and thereby intended, in addition to other lands, to will and bequeath to Julia Cook, his daughter-in-law, the wife of his son, Milton Cook, the said thirty-eight acres of land situated in Henry county, Indiana. It was thereupon, on said day prior to the execution by John Cook of his will, mutually agreed by him, his son, Milton Cook, and Julia Cook, the wife of Milton Cook, and Leonidas R. Allison, the son-in-law of the aforesaid John Cook, that the thirty-eight-acre tract of land which the testator intended to devise to Julia Cook should, instead of being devised to her, be bequeathed by the testator to the said son-in-law, Leonidas R. Allison; and under said agreement, and in consideration of said de-

vise to him, Allison was to pay to said Julia Cook the sum of $2,200, to be paid in three instalments. The first instalment of $700 was to be due and payable one year after the death of the testator, John Cook; the second instalment of $700 was to be due and payable two years after his death; and the third of $800 was to be paid three years after the death of said testator—all of the said sums of money to be evidenced, respectively, by promissory notes, to be executed by the said Allison to said Julia Cook, bearing six per cent. interest from the death of the testator and waiving valuation and appraisement laws. In pursuance of said agreement, and· in consideration of said devise to Allison, the latter, on the 28th day of October, 1889, executed the said notes to Julia Cook, and on the same day said John Cook executed his last will and testament, and thereby, in pursuance of said agreement, devised and bequeathed said thirty-eight acres of land to said Leonidas R. Allison. In 1890 Allison died testate, and by the provisions of his will, duly probated after his death, he devised all of his property, of every description, in which he had any interest, to his wife, Susan Allison, now Susan A. Camplin, one of the appellees herein, for and during her natural life, and at her death to her codefendants below and co-appellees herein, viz.: Ella Sisson, Horace Allison, and Hattie Allison, all children of the said Leonidas R. Allison. On the 10th day of April, 1896, the testator, John Cook, died, leaving in his said will the devise of the real estate in question to Allison unrevoked and unchanged. Said will was duly probated, and after the death of Cook, the testator, Susan Allison, the widow of said Leonidas R. Allison, now Susan A. Camplin, entered into and took possession of the said real estate bequeathed by said John Cook to her husband, and ever since the death of the said testator she has been in the peaceable and quiet possession thereof under and in pursuance of said contract, bequest, and devise to her husband by the will of John Cook. She has fully paid the first and third of the notes

executed by her late husband under the agreement aforesaid. For value received said Julia Cook, the payee of the notes in question, prior to the commencement of this action, in the year 1897, sold, transferred, and assigned by indorsement the second note of the said series to appellant Peyton E. Ballard, and since the maturity thereof Ballard has frequently demanded payment of the same, but the payment thereof has been refused. A copy of the note, together with the indorsement thereon, is set out in the complaint, and is in the words and figures following: "No. 2. Two years after death of John Cook, I promise to pay to the order of Julia Cook, in consideration of John Cook's will from Milton Cook to L. R. Allison, $700, value received, without any relief from valuation or appraisement laws, with interest at six per cent. per annum from date until paid, and attorney's fees. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note.

$700.                                    L. R. Allison.

Indorsement: Julia Cook."

The estate of the said Leonidas R. Allison was fully administered upon and finally settled on the —— day of ———, 1892, and the note in suit was not filed as a claim against the said estate. No part of the note has been paid, and there is due from the defendants to the plaintiff, including a reasonable attorney's fee of $200, the sum of $1,000. It is alleged that the said sum is a lien on the real estate described for the unpaid purchase money, and the plaintiff asks that the same may be declared a lien on the said premises, and, if not paid within such reasonable time as may be allowed by the court, that the premises be sold in the discharge and payment of said lien, and for all other and proper relief.

The contention of counsel for appellees is that the devise of the real estate in question by the testator to Allison, his

son-in-law, lapsed by reason of the fact that Allison died before the testator, therefore the insistence is that said legatee or devisee had no vested interest in the land in question which could pass to appellees by will or descent at his death. It is further insisted that John Cook, the testator, is shown to have received no consideration for the note in suit. Counsel for appellant contend, however, that under the facts the case can not be controlled by the rule which applies where a legacy or devise is bestowed as a mere bounty and lapses when the legatee's death occurs before the demise of the testator. They further insist that Allison, under the facts, is shown to have had a vested interest in the land in dispute at the time of his death, which did not arise solely out of the will of John Cook, but was created virtually by reason of the alleged contract among the parties under which Cook may be said to have sold to Allison the real estate, agreeing to vest the title thereto in him by his will, Allison agreeing to pay therefor, under the arrangement, to Julia Cook, $2,200. It will be observed that this action is wholly *in rem;* the purpose thereof being to have a lien declared and foreclosed against the real estate in dispute in order to satisfy the note in suit. It is evident that if appellant, under the facts, can prevail in fastening a lien upon the land, it can only be to the extent of the interest or rights acquired by appellees through or under the devise and agreement herein in question.

It is true beyond controversy that under the ordinary common law rule a legacy or devise to another, bestowed by the testator as a mere gift or bounty, will lapse and become void in case the testator survives such legatee or devisee. This follows by reason of the general rule that the bequests or appointments of a testator are regarded as ambulatory during his life, and do not become effectual until death, and until that event they are subject to his revocation or modification. This rule, with its full force and effect, is applicable only where the legacy or devise is exclusively the mere

bounty or gift of the testator, independent of any contract or agreement controlling and binding upon the testator in respect to such legacy or devise. 2 Redfield, Wills (3d ed.), 157, 168. Section 2741 Burns 1901 has to an extent modified the common law rule by providing that, "Whenever any estate, real or personal, shall be devised to any descendant of the testator, and such devisee shall die during the lifetime of the testator, leaving a descendant who shall survive such testator, such devise shall not lapse, but the property so devised shall vest in the surviving descendant of the devisee, as if such devisee had survived the testator, and died intestate." This section, however, has no application to the case at bar, as Leonidas R. Allison was not a descendant of the testator. *West* v. *West,* 89 Ind. 529.

It is a general rule, well affirmed by the authorities, that a legacy or devise will not lapse, after it has once vested, solely because of the legatee or devisee predeceasing the testator. 18 Am. & Eng. Ency. Law (2d ed.), 749, 750. The will of John Cook, so far as it relates to Allison, is as follows: "I hereby give and bequeath to my son-in-law, Leonidas R. Allison, all that part of the above described land [describing it], and to his heirs and assigns forever." It is true as a general rule that a testator is not presumed to bestow his bounty upon persons other than those who survive him, unless his intention to the contrary is evident. Where it appears, however, that a bequest or devise by will was made to discharge a duty or obligation resting upon the testator, this, in effect, will preclude a lapse of the bequest, although the legatee may die during the lifetime of the testator. For instance, the rule is well settled that a legacy or bequest made in payment of a debt does not lapse by the death of the legatee prior to that of the testator. This rule has been affirmed by the authorities where the debt or debts were barred by the statute of limitations at the time the testator executed his will. 2 Redfield, Wills (3d ed.), 161; *Williamson* v. *Naylor,* 3 You. & Coll. Ex. 208; *Turner* v.

*Martin,* 7 De G., M. & G. 429; *Philips* v. *Philips,* 3 Hare 281; *Ward* v. *Bush,* 59 N. J. Eq. 144.

In the will involved in the case last cited the bequest was as follows: "I give and bequeath to Dr. J. J. Daly, of Rahway, N. J., the sum of $1,000 for value received." The court in that appeal held that inasmuch as it appeared, by the words "value received," that it was the intention of the testatrix, in making the bequest, to discharge a legal obligation, and not to confer only a mere bounty or gift, the legacy in question did not lapse by reason of the death of the legatee before the death of the testatrix.

Recurring to the facts in the case at bar and they disclose that the testator, John Cook, desired to make a will, and thereby intended to bequeath to Julia Cook, the wife of his son, Milton Cook, presumably at the instance of the latter, the tract of land in dispute, in addition to other lands. On the same day, and immediately preceding the execution of the will, the testator, together with Milton Cook, his son, Julia Cook, the wife of the latter, and Leonidas R. Allison, the son-in-law, all mutually agreed among and with each other that the thirty-eight acres of land instead of being devised or bequeathed to Julia Cook, as intended by the testator, should be devised to Allison, and that the latter, in consideration thereof, should pay Julia Cook therefor the sum of $2,200, to be paid in certain instalments after the death of the testator. In pursuance of this agreement, and in consideration of the land being bequeathed by the testator to said Allison, instead of to Julia Cook, Allison executed his three promissory notes to her, and the testator, in consideration of the payment of said amount by Allison, and. under the agreement in question, and as a part of the same transaction, executed his will, therein bequeathing the land in controversy to Allison. The note in suit upon its face shows that the amount thereof was to be paid to Julia Cook by Allison "in consideration of John Cook's will from Milton Cook to L. R. Allison." Reading and construing

the bequest by the testator to Allison in the light afforded by the face of the note, and along with the agreement and other facts leading up to the making of the said bequest or devise, and it is apparent that the intention of the testator in bequeathing the particular lands to Leonidas R. Allison was not merely for the purpose of bestowing upon him a bounty or gift, but was for the purpose or with the intent of discharging an obligation for value received; or, in other words, for a valuable consideration, moving at the instance and with the consent of the testator from Allison to Julia Cook. Therefore, under the circumstances, the bequest in dispute falls clearly within the rule asserted and supported by the authorities, and must be held not to have lapsed by reason of the death of Allison before the death of the testator, but should, under the facts, be virtually considered and treated as though the death of Allison had been subsequent to the death of the testator. It appears that appellee, the surviving widow of Allison, now Mrs. Camplin, so regarded and treated the bequest to her said husband; for it is disclosed that she, after the death of the testator, under and in pursuance of the contract and bequest in question, peaceably, and unmolested by anyone, entered upon and took possession of the tract of land so devised, and so continues to hold and use the premises. Before the commencement of this action she had fully paid and discharged two of the notes executed by her deceased husband in consideration of the devise of the land to him.

The law favors the vesting of bequests under a will, and will consider and hold them as having vested, where it can be consistently done with legal principles and the intent of the testator, in preference to adjudging them as having lapsed. By and under the agreement of all the parties, including the testator, at the time of the execution of the will, it was exacted that Allison execute his notes to Julia Cook to evidence the amount to be paid to her by reason of the testator bequeathing the land to Allison, instead of bequeathing it to

her. Certainly, under the circumstances, it can not in rea·son be said that the testator intended that, in the event he survived Allison, the bequest of the land to him should lapse and become void. A testator may by express provisions in his will prevent the lapse of a devise in case of the predecease of the legatee or devisee, and the lapse of the bequest will also be prevented or precluded by a clear implication of the intent of the testator to that effect. 18 Am. & Eng. Ency. Law (2d ed.), 753. It is disclosed that Julia Cook, appellant's assignor, survived the testator. She, it would seem, under the facts, was more of a beneficiary by reason of the bequest to Allison than was the latter. He, under the agreement and arrangement, was to pay her a valuable consideration for the devise of the land to him. She agreed to give up or relinquish her right to the mere bounty which her father-in-law intended by his will to confer upon her, and agreed, in consideration of the $2,200 to be paid to her by Allison, that the latter, in respect to the devise of the land in question, should be substituted in her place, and the real estate bequeathed to him, instead of being devised to her. In no case can Allison, under the facts, be said to have been the mere object of the testator's bounty; for he virtually purchased that which he was to receive under the provisions of John Cook's will.

We have not been referred to any authority, neither are we aware of any, which affirms that where a bequest or legacy is made on account of a full and valuable consideration, nevertheless it will lapse and become void by reason of the devisee dying prior to the testator. In reason and principle such a legacy or bequest ought not to be regarded as having lapsed solely by reason of the predecease of the legatee. Mrs. Camplin, having taken possession of the land in question, claiming and holding the same unmolested through and under the devise and contract in controversy, certainly, under the circumstances, is not in a position to defeat appellant in having a lien fastened upon the premises

to enable him to secure the payment of the note in suit, which, under the facts, may be considered as the equivalent of an unpaid purchase-money note. The mere fact that the note was not executed to John Cook, the testator and owner of the land, will not defeat the lien which appellant seeks to enforce; for it appears that it was at the instance and with the consent of said testator that the notes executed by Allison under the circumstances were all made payable to Julia Cook, of which the one set up in this action was by her assigned to appellant. Under the facts, good conscience certainly demands that a lien be declared in favor of appellant for the money evidenced by the note. *Smith* v. *Mills,* 145 Ind. 334; *Barrett* v. *Lewis,* 106 Ind. 120; *Upland Land Co.* v. *Ginn,* 144 Ind. 434, 55 Am. St. 181; *Whetstone* v. *Baker,* 140 Ind. 213; *Scott* v. *Edgar,* 159 Ind. 38, and cases cited. In *Barrett* v. *Lewis, supra,* this court said: "The lien which arises in favor of the vendor of land *or of the person to whom the purchase money is due* is peculiarly of equitable cognizance. Equity has regard in such cases as in others, for the substance, and not the mere form of the transaction. Disregarding form, a court of equity will not permit substantial equities, which are clearly established, to be defeated by the interposition of merely nominal or technical distinctions." (Our italics.)

Upon the facts alleged in the complaint, the statute of frauds is not applicable, and can not be said to rule the case. Cook, the testator and owner of the land, actually performed what he agreed to do, by bequeathing, under his will, the land to Allison. Appellees under and in pursuance of the contract and devise in question, are claiming under and through Allison, and have taken and are holding unmolested possession of the real estate in controversy. Certainly, if Allison had survived the testator, and had come into possession and ownership of the land under and through the devise and contract in controversy, he, in a suit upon any or all of the notes which he executed in considera-

tion of the land being bequeathed to him, could not have successfully interposed as a defense that provision of the statute of frauds which requires that a contract for the sale of lands shall be in writing. §6629 Burns 1901, clause 4. See *Schierman* v. *Beckett,* 88 Ind. 52; *Washington Glass Co.* v. *Mosbaugh,* 19 Ind. App. 105; Browne, Statute of Frauds (5th ed.), §§122, 122b. See, also, cases cited in *Ransdel* v. *Moore,* 153 Ind. 393, 53 L. R. A. 753.

Without further review of the questions involved, we are constrained to hold that each paragraph of the complaint is *prima facie* sufficient to require the defendants to answer. The court, therefore, erred in sustaining the several demurrers to each paragraph, for which the judgment is reversed, and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.