**Larry D. OWENS et al., Respondents,**

**v.**

**Amy SAVAGE et al., Appellants.**

**Nos. KCD 26716, KCD 26717.**

Missouri Court of Appeals,
Kansas City District.

Dec. 30, 1974.

R. Leroy Miller and R. Max Humphreys, Miller & Humphreys, Trenton, for appellant, Amy Savage.

Charles A. Miller, Bethany, for appellant Dean W. Hunsicker.

William J. Esely, Bethany, Joe M. Williams, Morris, Foust, Moudy & Beckett, Kansas City, for respondents.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This appeal arises from an action for declaratory judgment and equitable relief tried by the Circuit Court of Harrison County, Missouri, sitting without a jury. In order to comprehend the issues on appeal, and the basis for their disposition, it is deemed necessary to initially make reference, in considerable detail, to various legal documents involved, the identity of the parties, both plaintiffs and defendants, the nature and effect of plaintiff's petition, and the nature of the relief afforded by the trial court by the judgment rendered in favor of plaintiffs.

On March 23, 1959, Samuel F. Jones, also known as Samuel Jones, and Ida Alice Jones, husband and wife, jointly executed and published in the presence of attesting witnesses, a single written instrument captioned, "Joint and Mutual Last Will and Testament of Samuel F. Jones and Ida Alice Jones, Husband and Wife, of Harrison County, Missouri." The preamble to said instrument, in part, recited: ". . . by agreement with each other, and in this transaction, we do make, publish and declare the following to be our joint and mutual last will and testament, for the benefit of each other, and for the benefit of the legatees, all as herein provided. . . .". After making provision for the payment of "our just debts and funeral expenses", Samuel F. Jones devised and bequeathed his entire estate to his wife, Ida Alice Jones, and vice versa, Ida Alice Jones devised and bequeathed her entire estate to her husband, Samuel F. Jones. Two other provisions of the instrument, in view of their direct and important bearing on the issues, should be mentioned. Paragraph V thereof states, in part, and provides as follows, "By mutual agreement between the

undersigned, Samuel F. Jones and Ida Alice Jones, husband and wife, one with the other, that at the death of both of us, or should we die simultaneously, . . . the balance of said estates we devise and bequeath to the Assembly of God Bible School, C.B.I., located at Springfield, Missouri, in fee and absolutely." Paragraph VII states and provides as follows: "We, the undersigned, Samuel F. Jones and Ida Alice Jones, husband and wife, by this instrument agree with each other that this joint and last will and testament shall remain unrevoked by either of us until the death of both of us, unless we both agree and consent with each other that this last will and testament may be revoked." This instrument also appointed a designated executor.

On August 27, 1964, Samuel F. Jones and Ida Alice Jones, jointly signed and published in the presence of attesting witnesses a single written instrument captioned, "Codicil to the Last Will and Testament of Samuel F. Jones and Ida Alice Jones, Husband and Wife". The preamble to this instrument, in part, recited that it was a codicil making certain changes to their "Last Will and Testament bearing date of March 23, 1959". The referred to changes were two in number. The original joint and mutual last will and testament otherwise remained unchanged. The first change made three specific bequests, "to Naomi Funk, an adopted sister of said Ida Alice Jones, the sum of $1,000.00; to Vernadine Little, a niece of said Ida Alice Jones the sum of $1,000.00; to Helen Smith, a niece of said Ida Alice Jones the sum of $1,000.00." The second change reads as follows: "By mutual agreement between the undersigned, Samuel F. Jones and Ida Alice Jones, one with the other, we eliminate paragraph 5 [V] of said original will and substitute therefor the following devise, that if we die simultaneously, or at the death of both of us, and when the executor of said original will complies with all the terms of said original will and this codicil, then and in that event, the balances

of our said mutual estate we devise and bequeath to the Assembly of God Church of Hatfield, Missouri, and in the event that this said church is not in existence at the death of both of us then we devise and bequeath all of our estate to The Assembly of God Church at Bethany, Missouri, in fee and absolutely."

Ida Alice Jones died on June 6, 1968. At the time of her death the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones, and their joint and mutual codicil thereto, stood unrevoked. On January 11, 1969, Samuel F. Jones executed and published in the presence of attesting witnesses a written instrument declared to be his last will and testament. After providing for payment of all his "just debts and funeral expenses", he made the following testamentary disposition of all of his real and personal property. First, he bequeathed the "sum of ($1.00) one dollar" to each of eight named brothers and sisters, J. H. Jones, W. E. Jones, Richard Jones, Henry Clay Jones, I. N. Jones, Lester Jones, Ruth Kidney and Lucy Huffman. Next, he "devised and bequeathed" all of his remaining "real and personal property" to his sister, Amy Savage. The fourth paragraph of said will was as follows: "I nominate and appoint Dean W. Hunsicker to be the Executor of this my Last Will and Testament, here by revoking all former wills by me made."

Samuel F. Jones died on May 15, 1971. Neither Samuel F. Jones nor Ida Alice Jones left any children, natural or adopted, surviving them. Regarding the three legal documents above mentioned, all parties stipulated, as herein paraphrased, that the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones, dated March 23, 1959, and the joint and mutual codicil thereto dated August 27, 1964, were admitted to probate as their last will and testament by the Probate Court of Harrison County, Missouri, subsequent to the death of Samuel F. Jones, but said instruments were then "superseded" by the admission to probate of the last will and

testament of Samuel F. Jones dated January 11, 1969.

Although the stipulation is far from clear in the following respects, the parties also apparently stipulated that the Probate Court of Harrison County, Missouri, determined that it was without jurisdiction to determine or enforce any binding contractual obligation entered into between Samuel F. Jones and Ida Alice Jones regarding disposition of their property on the death of the last to die.

In the summer or fall of 1971, the exact date being unknown because of the abbreviated transcript filed in the case, but in any event subsequent to the proceedings above that occurred in the Probate Court of Harrison County, Missouri, Larry D. Owens, Charles D. Tull, Willie Tull, Naomi Funk, Vernadine Little and Helen Smith, as plaintiffs, filed suit for declaratory judgment and equitable relief, and, thereafter, on December 20, 1971, filed a first amended petition (hereinafter referred to as the petition) likewise seeking a declaratory judgment and equitable relief, the nature and effect of which will subsequently be discussed in greater detail. Plaintiffs Larry D. Owens, Charles D. Tull and Willie Tull, as alleged in the first paragraph of the petition, were the "Pastor, Superintendent, and a member of the Board of Deacons respectively, and members thereof, of the Assembly of God Church of Hatfield, Missouri, an unincorporated religious association . . .." and that they would " . . . fairly and adequately represent the interests of all of the members of said church in this action and, therefore, bring this action for the benefit of said church and its members . . ." The plaintiffs further alleged that the Assembly of God Church of Hat-

field was the legatee and devisee under the instrument dated March 23, 1959, designated as the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones and the joint and mutual codicil thereto dated August 27, 1964, "of all the estate of the survivor of the said Ida Alice Jones and Samuel F. Jones, excepting only a One Thousand ($1,000.00) Dollar bequest to each of the plaintiffs, Naomi Funk, Vernadine Little and Helen Smith." Naomi Funk, Vernadine Little and Helen Smith, along with Larry D. Owens, Charles D. Tull and Willie Tull constituted all the plaintiffs in the action. Evidence was introduced from which the trial court could, and obviously did, find: that (1) the Assembly of God Church of Hatfield was a viable unincorporated religious association; (2) Larry D. Owens, Charles D. Tull and Willie Tull, respectively, held positions in the church as alleged in the petition; (3) the interest and relationship of Larry D. Owens, Charles D. Tull and Willie Tull in and to the action were the same as all other members of the church; and (4) the members of the church, at a business meeting of the congregation of the church, selected and authorized Larry D. Owens, Charles D. Tull and Willie Tull to bring the action in question for and on behalf of the church.[1]

Dean W. Hunsicker, individually, and as Executor of the Estate of Samuel Jones, deceased,[2] all of the legatees and devisees named in the will of Samuel Jones dated January 11, 1969, and all other heirs of Samuel F. Jones, were named and served as defendants in said action.

Attention is now directed to the nature and effect of plaintiffs' petition in respects other than those heretofore mentioned regarding the status of the parties. The

---

1. Willie Tull died after the action was instituted and before it went to trial. No substitution of parties was ever made after his death. However, the record discloses that and Charles D. Tull, at a business meeting of the congregation of the church, were authorized to proceed with the action after Willie after Willie Tull's death, Larry D. Owens

Tull's death and the appealing parties raise no issue regarding this aspect of the litigation.

2. Designated and appointed by the will of Samuel Jones dated January 11, 1969, which was admitted to probate in the Probate Court of Harrison County, Missouri.

plaintiffs pleaded in their petition, basically, that the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones dated March 23, 1959, and the joint and mutual codicil thereto dated August 27, 1964, constituted both a will and a contract. As a will it made a testamentary disposition to the survivor of the two of all real and personal property possessed by either, and then a testamentary disposition to plaintiffs, in the kind, amount and proportions therein set forth, of all real and personal property possessed by the survivor of the two on his or her death. As a contract, Samuel F. Jones and Ida Alice Jones mutually covenanted and agreed to make the described successive testamentary dispositions and were irrevocably bound to do so unless both agreed and consented otherwise by virtue of their mutual covenant and agreement not to revoke their joint and mutual will and codicil absent the consent and agreement of both. Plaintiffs further pleaded that the contract, as described, was supported by good and sufficient consideration and the will executed by Samuel F. Jones on January 11, 1969, revoking the prior joint and mutual will and codicil of the two constituted a breach of the contract therein by Samuel F. Jones, which plaintiffs were entitled to enforce because Ida Alice Jones preceded Samuel F. Jones in death having never consented or agreed to the revocation of said joint and mutual last will and codicil. Plaintiffs prayed for declaration and enforcement of the contract by entry of a judgment in their favor: (1) declaring the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones, dated March 23, 1959, and the joint and mutual codicil dated August 27, 1964, to be the unrevoked, final and binding last will and testament of Samuel F. Jones, deceased; (2) declaring the will of Samuel Jones dated January 11, 1969, to be "void and invalid"; and (3) ordering the joint and mutual will and codicil admitted to probate in the Probate Court of Harrison County, Missouri, as the last will and testament of Samuel F. Jones, deceased. Plaintiffs additionally

prayed "for such other and further relief as in equity the plaintiffs may be entitled". The importance of this general prayer will hereinafter become self-evident.

All the defendants were in default except Amy Savage and Dean W. Hunsicker. The latter two defendants, by motions which were overruled, attacked the capacity and right of plaintiffs Larry D. Owens, Charles D. Tull and Willie Tull to institute and prosecute the action on behalf of the church because the members thereof were not so numerous as to make it impracticable to join all as parties to the action, and, therefore, the action was improperly brought as a class action by them as plaintiffs. Answers filed by said non-defaulting defendants denied all the allegations set forth in plaintiffs' petition, coupled with a renewal of their attack on the capacity and right of Larry D. Owens, Charles D. Tull and Willie Tull to institute and prosecute the action on behalf of the church.

The court set December 20, 1972, as the trial date for said case. On that date the plaintiffs and the non-defaulting defendants appeared, agreed to and entered certain stipulations, presented evidence by way of depositions, and thereon, with briefs, submitted the case. On March 19, 1973, the court rendered judgment in favor of the plaintiffs. The non-defaulting defendants filed and perfected separate appeals. Their appeals were consolidated and they filed a joint brief.

The judgment entered by the trial court contained certain findings of fact which are worthy of specific mention in view of the issues on appeal. The trial court found that: (1) the church was a viable unincorporated religious association, that plaintiffs Owens and Tull were members thereof whose positions and interests in the litigation were similar to all the other members of the church, and therefore representative of the members of the church and entitled to bring the action for and on behalf of the church; (2) there was an agreement between Samuel F. Jones and Ida Alice Jones to make a joint and mutual

will to dispose of the property of each of them according to the terms thereof, and said agreed testamentary disposition constituted an irrevocable agreement, until both agreed and consented that it be changed; and (3) the joint and mutual last will and testament and codicil of Samuel F. Jones and Ida Alice Jones constituted clear, cogent and convincing proof of their agreement and their mutual promises therein constituted good and sufficient consideration for the agreement. Having so found, the trial court declared that the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones, dated March 23, 1959, and the joint and mutual codicil thereto dated August 27, 1964, could not be revoked by Samuel F. Jones after the death of Ida Alice Jones, his wife, and ordered "that said instruments shall be entitled to probate as the Last Will and Testament of Samuel F. Jones after further proceedings in the Probate Court of Harrison County, Missouri, according to law as in cases of the probate of wills."

On appeal, defendants Savage and Hunsicker attack the judgment of the trial court on three grounds. First: "The evidence was insufficient to support the judgment rendered by the Trial Court finding that this was the proper fact situation for a class action and that the class was represented properly by plaintiffs." Second; "The evidence was insufficient to support the judgment rendered by the trial court that there was sufficient consideration to support a contract not to revoke the joint and mutual will." Third: "The evidence was insufficient to support the judgment rendered by the trial court that the later will of Sam F. Jones did not revoke the joint and mutual will and codicil."

Defendants' first charge of error is ruled adversely to them. When this case was tried on December 20, 1972, present Rule 52.10, V.A.M.R., captioned "Actions Relating to Unincorporated Associations", was then in effect. The effective date of Rule 52.10, supra, being December 1, 1972. Also, present Rule 52.08, captioned "Class

Actions", was then in effect. Present Rule 41.06, captioned "Rules—Application to Pending Actions", was also in effect when the case was tried. This latter rule provides, in part, that "Rules 41 to 101, inclusive, shall govern . . . all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the Rules take effect would not be feasible or would work injustice, in which event the former procedure applies." Attention is now refocused on Rule 52.10, supra. Prior to December 11, 1972, Rule 52.10 had no counterpart in the Rules of Civil Procedure in this state. When an unincorporated association was involved in litigation, whether as plaintiff or defendant, all its members were required to be parties unless they met the rather stringent requirements of suing or being sued on a representative basis in a class action. At the time this action was instituted old Rule 52.08 governing class actions was in effect. On December 1, 1972, it was supplanted by present Rule 52.08, supra. Old Rule 52.08 provided, subject to other requirements and limitations, that one or more persons representing a class might bring a class action "[i]f persons constituting a class are very numerous or it is impracticable to bring them all before the court . . . ." Present Rule 52.08, supra, regarding the aspects of the old rule just mentioned, provides, subject to other requirements and limitations, that one or more persons representing a class may bring a class action if ". . . the class is so numerous that joinder of all members is impracticable . . . ". The essence of defendants' argument is that there was a complete lack of evidence that the members of the church, as a class, were "very numerous" or that it was "impracticable" to bring them all in as parties [old Rule 52.08, supra] or that the members of the church as a class were "so numerous" that joinder of all the members was "impracticable" [new Rule 52.08, supra].

Resolution of defendants' first charge of error does not lie in either old

or new Rule 52.08. The answer lies in present Rule 52.10, supra, and the mandate of Rule 41.06 that present Rule 52.10, supra, govern all further proceedings in this action after December 1, 1972, unless its application "in the opinion of the court" would not be "feasible" or "would work injustice". Suffice it to say, the application of Rule 52.10, supra, to this action was "feasible" and it can not be said "to work injustice". Having so determined the remaining apical question is whether plaintiffs Owens and Tull could properly maintain this action on behalf of the church under Rule 52.10, supra? The answer is obvious, and it is yes. Rule 52.10, supra, so far as pertinent, provides that "[a]n action brought by . . . the members of an unincorporated association as a class by naming certain members as representative parties may be maintained only if it appears that the representative parties will fairly and adequately protect the interests of the association and its members." It is implicit in the findings of fact entered by the trial court that plaintiffs Owens and Tull would "fairly and adequately protect the interests of the" church and "its members". The source of Rule 52.10, supra, is Rule 23.2, Federal Rules of Civil Procedure, and both are identical except the last paragraph of Rule 52.10, which is totally irrelevant to the issue before this court, is not found in Federal Rule 23.2, and the counterpart in Federal Rule 23.2, to the incorporation and reference back in Rule 52.10 to Rules 52.-08(d) and 52.08(e), is to Federal Rules 23(d) and 23(e) which are substantively identical with Rules 52.08(d) and 52.08(e). The rationale for rejecting defendants' first charge of error on Rule 52.10, supra, is cogently stated in Management T.V. Sys., Inc. v. National Football League, 52 F.R.D. 162, 164 (U.S.D.C., E.D.Penn. 1971):

"Rule 23.2 as presently written requires that the representative named fairly and adequately protect the interests of the members. Professor Wright has theorized that because the rule specifically states only one prerequisite and specifically incorporates only Fed.R.Civ.P. 23(d) and 23(e), all of the prerequisites to a class action set forth in 23(a) and (b) need not be met. C. A. Wright, Law of Federal Courts § 72, at 317 (1970). However, the purpose of the rule and application of class action principles in pre-1966 cases makes it clear that the conduct alleged must be conduct taken by the association and at least acquiesced in by its members. In this sense, questions common to all class members must be presented. Also, to be a proper representative, a party must occupy a position similar to other members of the class. *There is no requirement that the members be too numerous to join individually;* . . ." (Emphasis added.)

Defendants' second charge of error, that there was not adequate evidence to support the trial court's finding that the contract not to revoke the joint and mutual last will and testament and codicil was supported by good and sufficient consideration, is likewise ruled adversely to them. The agreement, or contract, and its supporting consideration, are both found and embodied in the last will and testament and codicil. As stated in 97 C.J.S. Wills § 1367(b), p. 315, "[p]roof of the agreement may expressly appear in the language of the wills . . . ." Plemmons v. Pemberton, 346 Mo. 45, 139 S.W.2d 910, 916 (Mo. banc 1940) recognizes that the agreement or contract may be proven by the language of the will. Consideration for this type of contract or agreement may likewise be found and proved by the language of the instrument. Stewart v. Shelton, 356 Mo. 258, 201 S.W.2d 395, 400 (1947) and Wimp v. Collett, 414 S.W.2d 65, 72 (Mo.1967). That the joint and mutual will and codicil in question constituted both a will and a contract, with good and sufficient consideration to support the latter, is overwhelmingly demonstrated by the language contained in the instruments in question. The subsequent language in the instruments,

even though repetitious, is again set forth for purposes of emphasis. This language is found in the preamble of the will, *"by agreement with each other, and in this transaction,* we do make, publish and declare the following to be our joint and mutual last will and testament, *for the benefit of each other, and for the benefit of the legatees, all as herein provided."* (Emphasis added.) This language is found in paragraph VII of the will: "We, the undersigned, Samuel F. Jones and Ida Alice Jones, husband and wife, *by this instrument agree with each other that this joint last will and testament shall remain unrevoked by either of us until the death of both of us, unless we both agree and consent with each other that this joint last will and testament may be revoked."* (Emphasis added.) This language is found in the joint codicil: *"By mutual agreement between the undersigned, Samuel F. Jones and Ida Alice Jones, one with the other,* we eliminate paragraph 5 [V] of said original will and substitute therefor the following devise, that if we die simultaneously, or at the death of both of us . . . then and in that event, the balances of our said mutual estate we devise and bequeath to the Assembly of God Church of Hatfield, Missouri . . ." (Emphasis added.) A contract or agreement, such as the one in question, must be proved by "clear, cogent and convincing evidence." Stewart v. Shelton, supra, 201 S.W.2d p. 399. Defendants do not so much as hint or suggest that the joint and mutual will and codicil embodying the contract were immersed in fraud, overreaching, lack of testamentary capacity, mistake, undue influence, or any other self-defeating condition or circumstance. Lack of sufficient proof of consideration for the agreement or contract is their sole complaint. The record reveals that both Samuel F. Jones and Ida Alice Jones were founding members of the Assembly of God Church of Hatfield, Missouri. Their joint and mutual will and

codicil reveal that at the time of their execution the plaintiffs,[1] and principally the church, were the objects of their mutual bounty after the death of the last survivor. The fact that the joint and mutual last will and testament and codicil thereto stood unrevoked at the death of Ida Alice Jones strongly infers that she went to her grave with abiding faith that whatever was left of any estate she and her husband had accumulated, after the death of the last survivor, would go principally to her church and with lesser cash amounts going to her adopted sister and nieces. As heretofore demonstrated, the will and codicil themselves contain and prove both the contract and its consideration. More specifically, the mutual promises of Samuel F. Jones and Ida Alice Jones, each to the other, to devise and bequeath all of his or her estate to the survivor of them, and then, on the death of both, to the plaintiffs in the amounts, proportions and kind set forth, coupled with their additional mutual promises, each to the other, not to revoke said joint and mutual will and codicil unless both agreed and consented thereto, constituted good and sufficient consideration for the agreement or contract they entered into and consummated. Stewart v. Shelton, supra, p. 400, and Wimp v. Collett, supra, 414 S.W.2d p. 72.

This court is convinced, beyond any doubt, that the instruments themselves, the joint and mutual will and codicil, constituted direct evidence, devoid of uncertainty, both as to the contract and its consideration.

 Defendants concluding charge of error, stated affirmatively, that the will of Samuel F. Jones dated January 11, 1969, revoked the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones dated March 23, 1959, and the joint and mutual codicil dated August 27, 1964, has merit. Defendants assume, sub

---

1. Plaintiffs as here and *hereinafter* used in this opinion refers to Naomi Funk, Vernadine Little and Helen Smith, and the Assembly of God Church of Hatfield, Missouri, an unincorporated religious association, according to their respective interests.

silentio, that a finding in their favor automatically entitles them to an outright reversal of the judgment entered by the trial court. But such is not the case. As will subsequently be pointed out, an affirmative ruling on defendants' final charge of error fails to defeat the rights of plaintiffs to take the real property and net estate of Samuel Jones available for distribution at the conclusion of administration in the Probate Court of Harrison County, Missouri, in the amounts, proportions, and kind set forth in the joint and mutual will and codicil. Many courts, unfortunately, in dealing with legal instruments that are both wills and contracts, and which contain joint and mutual promises that they are to be irrevocable, have succumbed to using loose language to the effect that they are irrevocable wills. Saying that they are irrevocable wills is like saying black is white, long is short, or good is evil. The conceptual nature of wills is that they are ambulatory. They do not speak until death, and therefore they may be revoked. This revocable quality of wills is what is unusually meant when it is said that wills are ambulatory. Starks v. Lincoln, 316 Mo. 483, 291 S.W. 132, 134 (1927). A miscegenation of the law of contracts and the law of wills occurs when courts state that wills are irrevocable. Atkinson on Wills, 2nd Ed., 1953, Ch. 4, Sec. 49, p. 224, vividly points up the inherent problems involved when an irrevocable legal document possesses dual aspects of both a will and contract:

> "Frequently joint or mutual wills are made in pursuance of contract;' we compact not to revoke them. Here it is important to distinguish between the concept of wills and that of contracts. Our law has no separate concept of 'will made in pursuance of contract;' we must treat the will part as a will and the contract part as a contract. Viewed in the aspect of a will, such instruments do not differ from other wills. In order to be effective, they must be admitted to probate and they are revocable although

there has been an agreement not to revoke. The matter of the contractual aspect does not properly arise upon probate, but only when the agreement is sought to be established as a claim against the estate, or in a proceeding against the successors of the decedent. This is the sound and orthodox treatment of the question. Some cases hold, however, that the contract not to revoke may be used as a basis for admitting the joint or mutual will to probate in spite of its revocation, or of refusing to probate later revoking wills."

Missouri, as evidenced by Plemmons et al. v. Pemberton et al., 346 Mo. 45, 139 S.W. 2d 910, 914 (Mo. banc 1940), subscribes to the orthodox view:

> "It is well settled that reciprocal and mutual wills, such as those executed by C. M. and George P. Wall, on March 4, 1916, if not founded on, or embodying, any contract may be revoked, like ordinary wills, at the pleasure of the person making them, without entailing any violation of contract. 69 C.J. p. 1299. *However, a contract to make mutual wills to remain unrevoked at the death of the parties, is valid and enforcible* if fair and just, definite and certain in its terms and as to the subject matter and based upon a sufficient consideration, 69 C.J. p. 1300, *and if such a will is afterwards revoked by one of the testators, after the death of the other, an action may be brought upon the contract by the beneficiary under the will of the deceased, such action not being for the revocation of the will but upon the contract or agreement.* Keasey v. Engles, 259 Mich. 178, 242 N.W. 878; Green v. Whaley, 271 Mo. 636, 654, 197 S.W. 355." (Emphasis added.)

Courts holding to the orthodox view have refused to adulterate the principle of ambulation inherent in the law of wills by admitting to probate the binding contractual agreement embodied in a revoked will. Instead they have chosen to enforce the bind-

ing contractual agreement embodied in a revoked will in equity. Accordingly, the relief afforded plaintiffs by the trial court, viz, ordering the joint and mutual will of Samuel F. Jones and Ida Alice Jones, dated March 23, 1959, and the joint and mutual codicil dated August 27, 1964, to be admitted to probate in the Probate Court of Harrison County, Missouri, as the last will and testament of Samuel F. Jones, deceased, thereby using said joint and mutual will and codicil as the legal vehicle to enforce the contract inuring to the benefit and in favor of plaintiffs, can not stand under the prevailing law of this state. However, the plaintiffs are not left without a remedy. Plemmons v. Pemberton, supra; Bennington v. McClintick, 253 S. W.2d 132 (Mo.1952) and Wimp v. Collett, supra, authoritatively support the conclusion that although a joint and mutual will which has been revoked can not be admitted to probate, even though revocation by the last surviving testator breached a binding agreement with the deceased joint testator, a court of equity, in view of its extraordinary power to enforce specific performance and to prevent fraud, may enforce such a binding agreement by decreeing relief in the nature of specific performance in order to thwart an injustice.

The contretemps occasioned by the above referred to portion of the judgment and decree entered by the trial court is understandable in view of the loose language, replete in innumerable cases, that legal instruments possessing both contractual and testamentary aspects are "irrevocable wills". That portion of the trial court's judgment and decree holding that the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones dated March 23, 1959, and the joint and mutual codicil thereto dated August 27, 1964, constituted a binding and enforceable contract inuring to the benefit of plaintiffs, in amounts, proportions, and kind, respectively, as designated and set forth in said joint and mutual will and codicil, and that none of the named and designated legatee and devisee defendants or heirs at law of Sam-

uel F. Jones (also known as Samuel Jones) have any right, title or interest to any part of the estate, real or personal, which Samuel F. Jones died seized and possessed of was eminently just and correct, and is hereby affirmed. However, for reasons hereinabove set forth, that portion of the judgment entered by the trial court ordering that the joint and mutual last will and testament of Samuel F. Jones and Ida Alice Jones, dated March 23, 1959, and the joint and mutual codicil thereto dated August 27, 1954, be admitted to probate as the last will and testament of Samuel F. Jones, after further proceeding in the Probate Court of Harrison County, Missouri, must be stricken and a new judgmental provision must be inserted in lieu thereof. For reasons hereinabove set forth, enforcement of the contract inuring to and for the benefit of the plaintiffs, in amounts, proportions and kind, respectively, as designated and set forth in said joint and mutual will and codicil, should be by means of a judgment and decree in the nature of specific performance ordering Dean W. Hunsicker, Executor of the Estate of Samuel Jones, deceased, and such other or all of the remaining named defendants the trial court deems appropriate, to convey, transfer and deliver to plaintiffs, in amounts, proportions and kind, respectively, as designated and set forth in said joint and mutual last will and codicil, all real property which was owned and seized by Samuel F. Jones at the time of his death, and all other property owned and seized by Samuel F. Jones at the time of his death being administered in his estate in the Probate Court of Harrison County, Missouri, subject only to the payment of debts, claims, taxes and costs of administration according to law. The modified judgment herein directed to be entered by the trial court decreeing and ordering equitable relief in the nature of specific performance in favor of the plaintiffs should contain such appropriate provisions, as may be deemed necessary by the trial court, to legally and effectively transfer and convey to the plaintiffs the property to go to them in the amounts, propor-

tions and kind spelled out in and evidenced by the joint and mutual will and codicil. This court is quick to acknowledge that the modified judgment and decree herein directed to be entered by the trial court is far from definitive, but such is necessarily so since this court, in view of the abbreviated transcript, is virtually without knowledge as to the nature and status of the property, both real and personal, involved.

The authority and power of this court to direct the trial court to modify the original judgment rendered and entered in this cause and to enter a new judgment in accordance and consistent with this opinion, particularly in view of the general prayer for equitable relief contained in plaintiffs' petition, is clearly authorized by Anison v. Rice, 282 S.W.2d 497, 502 (Mo.1955): "When a court of equity once acquires jurisdiction, it will retain it to do full and complete justice even though it involves adjudicating matters of law or rendering a money judgment; and, although a plaintiff in his petition may seek or pray for specific relief and, in so doing, has even mistaken the specific relief to which he is entitled, a court of equity may grant relief different from the specific relief sought but consistent with the pleadings and the evidence, especially where, as herein, there has been a general prayer for relief. And an appellate court in reviewing the whole record, in trying an equitable action *de novo* upon appeal, may render *or direct the entry of such judgment as the trial court should have rendered.* Bobst v. Sons, Mo., 252 S.W.2d 303; Missouri Cafeteria v. McVey, 362 Mo. 583, 242 S.W.2d 549; Miller v. Haberman, 359 Mo. 1012, 224 S.W.2d 1002; Strohm v. Boden, 359 Mo. 573, 222 S.W.2d 772; Hallauer v. Lackey, 353 Mo. 1244, 188 S.W.2d 30; Waugh v. Williams, 342 Mo. 903, 119 S.W.2d 223; Rains v. Moulder, 338 Mo. 275, 90 S.W.2d 81; Marston v. Catterlin, 290 Mo. 185, 234 S.W. 816; Real Estate Sav. Inst. v. Collonious, 63 Mo. 290; Section 512.160, subd. 3 RSMo 1949, V.A.M.S. [Now Section 512.-160, subd. 3 RSMo 1969—Rule 84.14]." (Emphasis added.)

The cause is affirmed and remanded to the trial court with directions that the judgment and decree be modified in accordance with the opinion herein.

All concur.