**C.W. JONES, Jr., Plaintiff-Respondent,**

v.

**Charles W. JONES (C.W. Jones, III), Defendant-Appellant.**

**No. 36142.**

Missouri Court of Appeals, Western District.

June 4, 1985.

L. Clay Barton, Susan Long, Cochran, Tyree, Oswald, Barton & McDonald, Blue Springs, for defendant-appellant.

Donald S. Hugg, Huff and Huff, Marchall, for plaintiff-respondent.

Before TURNAGE, C.J., and SOMERVILLE and MANFORD, JJ.

TURNAGE, Chief Judge.

C.W. Jones, Jr., filed a partition suit which by agreement of the parties was treated as a request for declaratory judgment. The question involves the lapse of a devise under a joint and mutual will. The trial court held that the devise lapsed because the devisee predeceased his mother, the surviving testator. Reversed and remanded.

Charles W. Jones, Sr., and Alma Jones were married and had five children. In 1954, Charles and Alma executed a joint and mutual will by which each devised all of his or her property to the survivor for life with the remainder interest the subject of various specific bequests. The will provided that all of their property, including that held by them as tenants by the entirety, would be subject to disposition by the will. It further stated that on the death of one, the survivor could not make any different disposition of their property. The specific bequest involved here was the devise of the remainder interest in a quarter section of land to two sons, Virgil and Alvis.

Charles W. Jones, Sr., died in 1956. Subsequently, four of the children died, so that when Alma died in 1983, she was survived by only one child, C.W. Jones, Jr.

Alma abided by the terms of the will and made no changes. After the death of Charles Jones, Sr., the will was filed with the probate court, but no administration was had. Upon Alma's death, the will was presented for probate. Although both Alvis and Virgil predeceased their mother, the question presented is relevant only to Alvis Jones and whether or not his interest lapsed by reason of his death prior to the death of his mother.

C.W. Jones, Jr., filed the present suit and named as defendants all lineal descendants of the children who predeceased Charles W. Jones, Sr., and Alma Jones. The parties agree that Alvis left no lineal descendants, and thus the anti-lapse statute, § 474.460, RSMo Supp.1984, does not apply to prevent the lapse of the devise to Alvis.

The validity of joint and mutual wills was thoroughly discussed by this court in *Owens v. Savage*, 518 S.W.2d 192 (Mo.App. 1974). In that case, a joint and mutual will provided that the survivor could not change its terms after the death of one, but contrary to such provision, the survivor did execute a new will. This court distinguished between the will and contract concepts inherent in joint and mutual wills.

The court noted that under the law of wills, a joint and mutual will is ambulatory and may be revoked at any time prior to the death of the testator, even though the will contains the parties' agreement that it shall not be changed after the death of one. This court then held that although a joint and mutual will is ambulatory and the survivor may revoke its provisions, the parties' agreement to not change its provisions may be enforced in equity. *Id.* at 200–201.

This case does not present any question concerning Alma's right to change the will since she did not do so. Rather, the question concerns whether the devise to Alvis, who predeceased Alma, lapsed because he left no lineal descendants. That question does not seem to have been addressed in this state.

■ Preliminary to consideration of the question to be determined, it is necessary to observe that a husband and wife may devise a remainder over after life enjoyment by the surviving spouse of property held by the entireties by a joint and mutual will. *Stewart v. Shelton*, 356 Mo. 258, 201 S.W.2d 395, 398[8, 9] (1947).

In *Estate of Maloney v. Carsten*, 178 Ind.App. 191, 381 N.E.2d 1263 (1978), the court faced the question under facts similar to this case. The parties executed a joint and mutual will, and the court found an agreement between them to not revoke the will, but the survivor had revoked it by executing a new will. Two of the beneficiaries predeceased the survivor. On the survivor's death, questions arose as to the enforcement of the agreement not to revoke, and whether or not the bequests to the persons who predeceased the survivor had lapsed. As in this case, the anti-lapse statute in Indiana did not apply because the persons involved left no lineal descendants. The court pointed out that a will, by its very nature, is ambulatory, and does not become operative until the death of the testator, and until that time a legacy has not vested. *Id.* at 1268[11]. However, the court stated that in *Ballard v. Camplin*, 161 Ind. 16, 67 N.E. 505 (1903), the supreme court had noted that this general rule is not applicable where there is a contract or agreement controlling and binding on the testator in respect to the legacy or devise. 381 N.E.2d at 1269. The court in *Maloney* held that when the husband died, the wife became contractually bound to comply with the pattern of testamentary disposition set forth in the joint will. The court concluded that although the joint will was revocable, and in fact, was revoked, the bequests in the will were not ambulatory in nature, and thus did not lapse when the devisees predeceased the wife. 381 N.E.2d at 1269[12].

In *Ballard*, 67 N.E. at 507, the court stated the rule applied in *Maloney* as follows:

It is true beyond controversy that under the ordinary common-law rule a legacy or devise to another, bestowed by the testator as a mere gift or bounty, will lapse and become void in case the testator survives such legatee or devisee. This follows by reason of the general rule that the bequests or appointments of a testator are regarded as ambulatory during his life, and do not become effectual until death, and until that event they are subject to his revocation or modification. This rule, with its full force and effect, is applicable only where the legacy or devise is exclusively the mere bounty or gift of the testator, independent of any contract or agreement controlling and binding upon the testator in respect to such legacy or devise.

. . . .

Where it appears, however, that a bequest or devise by will was made to discharge a duty or obligation resting upon the testator, this, in effect, will preclude a lapse of the bequest, although the legatee may die during the lifetime of the testator.

■ The law discussed in both *Ballard* and *Maloney* is consistent with the law in Missouri concerning the nature of joint and mutual wills and that an agreement not to revoke a joint will may be enforced in equi-

ty. This court adopts the rationale discussed in *Ballard* that a devise made by a testator as a gift or bounty will lapse, unless saved by the anti-lapse statute, except when the testator is bound by contract to make a specific devise. In that situation, the devise will not lapse even if the anti-lapse statute does not apply because the testator is not bestowing a gift or bounty but is performing that which is compelled by an enforceable agreement. The devise is thus not the result of the exercise of the free will of the testator but is made pursuant to an agreement.

■ In *Maloney* the court applied the exception to the general rule to a fact situation identical to this case. This court agrees with *Maloney* that the exception should be applied in this situation. Charles and Alma could have made any change they desired in their will prior to the death of either. However, after Charles died, Alma was no longer free to change the will, at least without having the change set aside in equity. Thus, on the death of Charles, the bequest to Alvis was the subject of an enforceable contract. His bequest could not be validly revoked and was fully enforceable in equity. For that reason, his bequest did not rest on the bounty of Alma, but was fully enforceable even if she had revoked it. Under *Ballard*, the exception became applicable at the time Alma could not revoke the bequest to Alvis. That occurred on the death of Charles, and from that time the bequest to Alvis became vested. Since the bequest was vested on the death of Charles, the fact that Alvis predeceased Alma has no effect on its validity.

The judgment is reversed and this cause is remanded for entry of judgment declaring that the devise to Alvis did not lapse and that his interest in the real estate will be subject to disposition according to the provisions of his will.

All concur.